| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X<br>CATHERINE SMITH,<br><br>          Plaintiff,<br><br>      -against-<br><br>ARMS ACRES, INC.,<br>and BEVERLY BERKOWITZ, As Director<br>of Human Resources and Individually,<br><br>          Defendants.<br>----------------------------------------------------------X | ECF FILING<br><br>Docket No.  06 Civ. 6453 (CM)(LMS)<br><br><br><br><br><br>**AMENDED<br>COMPLAINT**<br><u>AND JURY DEMAND</u> |

        Plaintiff, CATHERINE SMITH, by her attorneys, GOODSTEIN & WEST, complaining of defendants, ARMS ACRES, INC. and BEVERLY BERKOWITZ, as for her Complaint, states as follows:

### NATURE OF THE CASE

    1.    This is an action based upon defendants' unlawful hostile environment and retaliation against plaintiff in the terms, conditions and privileges of her employment on the basis of her engaging in a protected activity,  in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e, as amended, and the New York State Human Rights Law, N.Y. Executive Law §290, *et seq*, and for intentional infliction of emotional distress. Plaintiff seeks injunctive relief, compensatory damages and punitive damages against defendants.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction over the federal claim pursuant to 28 U.S.C.§§ 1331, 1337, and 1343. This action is authorized and instituted, pursuant to 42 U.S.C. §706 of Title VII of the Civil Rights as of 1964, as amended, 42 U.S.C. §2000e ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

3. This Court has supplemental jurisdiction over the state claims based upon 28 U.S.C. §1367(a) and pursuant to N.Y. Executive Law §297.9.

4. Venue is proper in this district, pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practices have been committed in this district, upon information and belief, the employment records relevant to such practices are maintained and administered in this district, and plaintiff worked in this district.

THE PARTIES

5. At all times relevant herein, Plaintiff, CATHERINE SMITH ("SMITH"), was a resident in the County of Putnam, State of New York.

6. Upon information and belief, defendant ARMS ACRES, INC. ("ARMS ACRES") is a private corporation chemical dependency rehabilitation center providing drug and alcohol treatment and doing business within the State of New York, County of Putnam, with its main offices at 75 Seminary Hill Road, Carmel, New York, 10512, and, at all relevant times, has continually employed at least fifteen (15) employees.

7. Upon information and belief, defendant ARMS ACRES is an "employer" engaged in a business or industry affecting interstate commerce within the meaning of Section 701(b)(g) and (h) of Title VII.

8. Upon information and belief, defendant ARMS ACRES is an "employer" within the meaning of N.Y. Executive Law §292.5.

9. At all times relevant herein, defendant BEVERLY BERKOWITZ ("BERKOWITZ") was employed by defendant ARMS ACRES as the Director of Human Resources.

STATEMENT OF CLAIMS

A. Background

10. On or about November 30, 2005, Plaintiff filed a Charge of Retaliation with the EEOC, alleging violation of Title VII, by Defendants. (Copy of Charge No. 160-2006-01027 annexed hereto as Exhibit "A" and incorporated herein.)   It is now more than one hundred and eighty days since such filing.  On June 22, 2006, the EEOC issued its Right To Sue letter. (Copy of Notice annexed hereto as Exhibit "B" and incorporated herein.)  This action has been brought within 90 days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.  All conditions precedent to the institution of this lawsuit have been met.

B. Facts

11. Plaintiff, SMITH, is a female born May 9, 1980.

12. Plaintiff commenced her employment with defendant ARMS ACRES, for the second time as a housekeeper, effective February 24, 2005.

13. Plaintiff worked under the supervision of Joanne Elliott, Clinical Director.

14. Plaintiff was constructively discharged from her employment on Friday, March 25, 2005.

15. On Tuesday, March 22, 2005, while at work cleaning in the Detox Unit, F-Wing, Plaintiff was physically and sexually assaulted by Hector "C", a patient of defendant ARMS ACRES.

16. On March 22, 2005 supervisor Joanne Elliott was immediately notified of the assault upon Plaintiff.

17. The following day, Wednesday, March 23, 2005, Plaintiff returned to work at defendant ARMS ACRES, where Plaintiff worked her full shift and prepared and turned in a formal Incident Report concerning the assault.

18. Plaintiff was not interviewed about the assault on March 23, 2005.

19. On Friday, March 25, 2005, Plaintiff appeared for work, was seen by an ARMS ACRES' nurse who arranged for Plaintiff to be sent to Putnam Hospital ER to be medically attention.

20. On Friday, March 25, 2005, Plaintiff was advised by the ER doctor to go home and rest after leaving the hospital.

21. Upon her return to defendant ARMS ACRES from Putnam Hospital that morning, Plaintiff was directed to remain at ARMS ACRES to be interviewed by defendant BERKOWITZ concerning Plaintiff's report of the assault of March 22, 2005.

22. As Director of Human Resources, it was defendant BERKOWITZ's responsibility on behalf of defendant ARMS ACRES to conduct a full, complete and impartial investigation of Plaintiff's report of an assault on Plaintiff.

23. Plaintiff was accompanied to the interview by a union representative, Michelle DeMarco.

24. Although union representative DeMarco attempted to keep the March 25, 2005 interrogation of Plaintiff on the issue of the assault, defendant BERKOWITZ failed or refused to do so and continued to question Plaintiff in an accusatory manner about matters unrelated to the assault, making such statements as "people tell me you flirt with patients" and "you dress provocatively".

25. Defendant BERKOWITZ's conduct toward Plaintiff during the interrogation

created a hostile work environment for Plaintiff.

26. As a direct result of the inappropriate and accusatory conduct of and the hostile environment created by defendant BERKOWITZ during this "interview" Plaintiff submitted her resignation.

27. Upon information and belief, defendant BERKOWITZ did not conduct a prompt and thorough investigation into the assault on Plaintiff after defendant ARMS ACRES first learned of the assault upon Plaintiff, or even after Plaintiff filed her Incident Report.

28. On August 14, 2005, Plaintiff reported the assault to the Carmel Police Department(see report annexed as Exhibit "C").

### FIRST CAUSE OF ACTION:
<u>Arms Acres - Retaliation in violation of Title VII</u>

29. Plaintiff repeats and realleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

30. Defendant ARMS ACRES' conduct complained of, through its employees, including but not limited to defendant BERKOWITZ, was an intentional act of reprisal or retaliation for Plaintiff having complained of the sexual assault by a patient of defendant ARMS ACRES.

31. Defendant ARMS ACRES's tactics, through its employees, including but not limited to defendant BERKOWITZ, violated Title VII.

32. Such violative tactics caused the constructive discharge of Plaintiff.

33. In violating Title VII, defendant ARMS ACRES, though its agents, servants or employees, including but not limited to defendant BERKOWITZ, acted intentionally,

maliciously, willfully and with reckless indifference to Plaintiff's federally protected rights.

34. The violative conduct of defendant ARMS ACRES complained of above deprived Plaintiff of equal employment opportunities, adversely affected Plaintiff's status as an employee of defendant ARMS ACRES, caused Plaintiff to suffer lost wages, compensatory damages, and severe emotional distress and humiliation, and to incur attorneys' fees and costs.

## SECOND CAUSE OF ACTION:
### Arms Acres- violation of The New York State Human Rights Law

35. Plaintiff repeats and realleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

36. Defendant ARMS ACRES' actions complained of, through its employees and directors, including but not limited to defendant BERKOWITZ, towards Plaintiff, was an act of reprisal or retaliation for Plaintiff having reported the sexual assault upon Plaintiff by an ARMS ACRES patient.

37. Defendant ARMS ACRES' actions, through its employees and directors, including but not limited to defendant BERKOWITZ, towards Plaintiff in retaliating against Plaintiff in the terms and conditions of her employment because of her protected activity violated the New York State Human Rights Law, N.Y. Exec. Law § 296.7

38. By reason of defendant ARMS ACRES' violation of the New York State Human Rights Law, Plaintiff was severally deprived of equal employment opportunities, Plaintiff's status as an employee of defendant ARMS ACRES was adversely affected, Plaintiff incurred pecuniary and non-pecuniary losses, suffered emotional distress and humiliation, and incurred the costs of this action.

THIRD CAUSE OF ACTION
(Berkowitz- violation of The New York State Human Rights Law)

39. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

40. Defendant BERKOWITZ, as the Director of Human Resources of defendant ARMS ACRES, and the person responsible to conduct a timely, complete and impartial investigation into Plaintiff's complaint of a sexual assault, used her position to retaliate against Plaintiff.

41. By her conduct complained of, Defendant BERKOWITZ aided and abetted, incited, compelled or coerced the taking of action leading to and/or furthering the constructive termination of Plaintiff, in violation of New York State Human Rights Law §296.6.

42. By her conduct complained of, Defendant BERKOWITZ retaliated against Plaintiff in violation of New York State Human Rights Law §296.7.

43. As a direct result of defendant BERKOWITZ's violative practices toward Plaintiff, Plaintiff was deprived of equal employment opportunities, her status as an employee of defendant ARMS ACRES was adversely affected, Plaintiff incurred pecuniary and non-pecuniary losses, suffered emotional distress and humiliation, and incurred the costs of this action.

FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

44. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

45. As Director of Human Resources, defendant BERKOWITZ knew of Plaintiff's claims of sexual assault before defendant BERKOWITZ commenced her March 25, 2005 interrogation of Plaintiff.

46. However, on March 25, 2005, defendant BERKOWITZ did not interview Plaintiff about the facts and circumstances surrounding Plaintiff's Incident Report.

47. In spite of the directives of the union representative that defendant BERKOWITZ only ask Plaintiff questions concerning the reported assault, and in spite of Plaintiff's responses and emotional outbreaks, defendant BERKOWITZ chose to interrogate Plaintiff on other alleged matters.

48. Defendant BERKOWITZ also told Plaintiff "You should feel sorry for Joanne [Elliott] she just found out she has cancer."

49. Defendant BERKOWITZ knew that her inappropriate questions were having an negative emotional affect upon Plaintiff.

50. Defendant BERKOWITZ stated to Plaintiff she had to do "this" for defendant ARMS ACRES when defendant BERKOWITZ instituted the interrogation of Plaintiff.

51. Defendant BERKOWITZ instituted the interrogation of Plaintiff with the main purpose of discrediting Plaintiff for Plaintiff's reporting of the assault.

52. Defendant BERKOWITZ's action in orchestrating this interrogation of Plaintiff

was instigated solely by her intent to cause, or her total disregard of the probability of causing, severe emotional distress to Plaintiff.

53. Such wilful, deliberate and malicious conduct by defendant BERKOWITZ was extreme and outrageous.

54. After leaving the interrogation by defendant BERKOWITZ, Plaintiff felt she had to resign, and she suffered severe emotional distress at this prospect.

55. Defendant ARMS ACRES knew of the acts of defendant BERKOWITZ, defendant ARMS ACRES allowed, or failed, or intentionally refused, to curtail the actions of defendant BERKOWITZ, thereby condoning defendant BERKOWITZ's intentional infliction of emotional distress against Plaintiff.

56. As a direct result of defendant BERKOWITZ's actions to intentionally and unjustifiably inflict emotional distress upon Plaintiff, and defendant ARMS ACRES's condonation of that conduct, Plaintiff suffered severe emotional distress and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against defendants as follows:

On All Causes of Action:

A. Grant a permanent injunction enjoining ARMS ACRES from engaging in any employment practices which retaliate against employees;

B. Order ARMS ACRES to institute and carry out policies, programs and practices which provide equal employment opportunities for all employees of defendant company and which eradicate the effects of ARMS ACRES' unlawful employment practices, and to implement proper discipline for those employees who violate the policies or the laws promulgated to ensure

equal employment opportunities;

On the First Cause of Action:

      C.    An Order directing defendant ARMS ACRES to make Plaintiff whole by providing damages in the amount of past and future pecuniary losses and compensatory damages; interest; an award of punitive damages in the amount of $3,000,000; and for attorneys' fees, and costs incurred.

On the Second Cause of Action:

      D.    An Order directing defendant ARMS ACRES to pay to Plaintiff compensatory damages in the amount of $1,000,000; and for costs incurred.

On the Third Cause of Action:

      E.    An award against defendant BERKOWITZ to pay to Plaintiff compensatory damages in the amount of $1,000,000; and for costs incurred.

On the Fifth Cause of Action:

      F.    In the alternative, an award against defendants ARMS ACRES and BERKOWITZ, jointly and severally, to plaintiff of compensatory damages in the amount of $1,000,000; an award of punitive damages in the amount of $3,000,000; reasonable attorneys fees, and for costs incurred.

Together with such other and further relief as to this Court may seem just and proper.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated: New Rochelle, New York
September 1, 2006

Respectfully Submitted
GOODSTEIN & WEST

By: __________/S/____________________
PAULA JOHNSON KELLY (PJK 8889)
*Attorneys for Plaintiff*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382